**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOSEPH ROBINSON,**

      **Petitioner,**

      **vs.**                             **Civil Action 2:16-cv-567
Criminal No. 2:10-cr-53(3)
Chief Judge Sargus
Magistrate Judge King**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**REPORT AND RECOMMENDATION**

This is an action under 28 U.S.C. § 2255 in which Petitioner asks that his sentence be vacated and that he be resentenced. This matter is now before the Court on Petitioner's June 2016 *Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 180 ("*Motion to Vacate*"), Respondent's *Motion to Dismiss*, ECF No. 181 (*see also Supplemental Memorandum Supporting Motion to Dismiss*, ECF No. 182), and Petitioner's *Response in Opposition to the Motion to Dismiss*, ECF No. 183. For the reasons that follow, it is recommended that the *Motion to Dismiss* be denied.

The *Indictment* charged Petitioner with five (5) drug and gun violations. *Indictment*, ECF No. 10.[1] In 2011, Petitioner was convicted on his plea of guilty to a single count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), as charged in Count 7 of the *Indictment.* The *Plea Agreement* was executed pursuant to the provisions of Rule 11(c)(1)(C) of the

---

[1] Petitioner was charged with conspiracy to possess with intent to distribute marihuana in violation of 21 U.S.C. § 846 (count 2), possession with intent to distribute marihuana in violation of 21 U.S.C. § 841 (count 4), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(count 7), and being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (counts 9, 10).

1

Federal Rules of Criminal Procedure and the parties agreed to a twelve year prison term. *Plea Agreement*, ECF No. 127, PAGEID# 421. On December 13, 2011, Petitioner was sentenced to a term of imprisonment of 120 months and the remaining counts of the *Indictment* were dismissed. *Judgment,* ECF No. 171. Petitioner did not file an appeal from his conviction or sentence. Proceeding with the assistance of counsel (who also represented Petitioner at the time of his conviction and sentencing), Petitioner filed the *Motion to Vacate* on June 21, 2016, claiming that his sentence is, in light of recent decisions of the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit, no longer constitutional.

Conviction under 18 U.S.C. § 924(c)(1) for possession of a firearm during and in relation to a drug trafficking crime requires a sentence of imprisonment "of not less than 5 years," or 60 months. 18 U.S.C. § 924(c)(1)(A)(i). Using the 2010 edition of the United States Sentencing Guidelines ("USSG") Manual, the *Presentence Report*, which the Court adopted, *see Statement of Reasons*, ECF No. 172 (filed under seal), calculated an enhanced USSG range of 262 to 327 months' imprisonment based on Petitioner's status as a "career offender" within the meaning of USSG § 4B1.1(b). *See id.* Petitioner's status as a "career offender" was based, in turn, on the determination that Petitioner's 1998 Ohio conviction on two counts of burglary and on Petitioner's 2001 Ohio conviction on one count of aggravated robbery with specification qualified as "either a crime of violence or a controlled substance offense." *Presentence Report*, ¶ 39. However, as noted *supra*, the Court actually imposed a sentence of 120 months' imprisonment as agreed to by the parties in the *Plea Agreement*.

In his *Motion to Vacate,* Petitioner argues that, consistent with *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015), and

2

*United States v. Pawlak,* 822 F.3d 902 (6th Cir. 2016), his sentence as a career offender is no longer constitutionally valid. He asks that his original sentence be vacated and that he be resentenced. *See generally Motion to Vacate*.

The Supreme Court of the United States held in *Johnson* that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and violates the Constitution's guarantee of due process. *Id*. The Supreme Court also held that the rule announced in *Johnson* is to be retroactively applied to cases on collateral review. *Welch v. United States*, -- U.S. --, 136 S.Ct. 1257, 1268 (2016). In *Pawlak*, the United States Court of Appeals for the Sixth Circuit held that the residual clause in USSG § 4B1.2(a), which was[2] identical to the residual clause invalidated in *Johnson*, is likewise unconstitutionally vague.

Respondent does not address Petitioner's invocation of *Pawlak*. Rather, Respondent argues only that, because Petitioner was convicted and sentenced under 18 U.S.C. § 924(c), *see Motion to Dismiss, Johnson* has no applicability to this case. *Id.* at PAGEID# 641 (citing *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016)(holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unaffected by *Johnson*)). This argument ignores the fact that, in sentencing Petitioner, the Court adopted the Petitioner's characterization as a "career offender" under USSG § 4B1.1(b).

What is unclear, however, is whether that characterization was based on the residual clause defining "crime of violence" contained in USSG § 4B1.2(a). If it was not, the *Motion to Vacate* would be untimely; if it was, and if *Pawlak* is to be retroactively applied on collateral review, Petitioner's claim may be meritorious. *See United*

---

[2] USSG § 4B1.2(a) has since been amended.

*States v. Caldwell*, -- Fed. Appx --, 2016 WL 2990999 (6th Cir. May 24, 2016); *United States v. Brown*, 2016 WL 4269086 (S.D. Ohio Aug. 15, 2016). The *Presentence Report* is silent on this issue.

Under these circumstances, the Court concludes that the *Motion to Dismiss* should be denied and Respondent should be directed to address the applicability, if any, of *Pawlak* to Petitioner's claim. Moreover, both parties should address the issue of a stay of Petitioner's claim pending resolution of *Beckles v. United States*, No. 15-8544, -- U.S. __, 2016 WL 1029080 (U.S. June 27, 2016)(Mem.). *See In re: Embry*, -- F.3d --, 2016 WL 4056056 (6th Cir. July 29, 2016).

It is therefore **RECOMMENDED** that the *Motion to Dismiss,* ECF No. 181, be denied and Respondent be directed to address the applicability, if any, of *Pawlak* to Petitioner's claim. Moreover, both parties should address the issue of a stay of Petitioner's claim pending resolution of *Beckles v. United States*, No. 15-8544, -- U.S. __, 2016 WL 1029080 (U.S. June 27, 2016)(Mem.). *See In re: Embry*, -- F.3d --, 2016 WL 4056056 (6th Cir. July 29, 2016).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right

to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                    *s/Norah McCann King*
                              _____
                                    Norah M^cCann King
September 23, 2016            United States Magistrate Judge